WOODBURY COUNTY, Iowa, et al., Appellant, v. MRS. HARRY (CLARIBEL) HARBECK et al., Appellees.

No. 44233.

APRIL 5, 1938.

Audley W. Johnson, for appellant.

Baron & Bolton, for appellee.

DONEGAN, J.—In this action Woodbury county, Iowa, through its county auditor, sought to recover from the defendants, who are husband and wife, the amount expended by the county for the support of the wife, Claribel Harbeck, while a patient at the State Sanatorium at Oakdale, Iowa, and receiving treatment for tuberculosis. The petition alleged, in substance, the authorization and direction of the county auditor to commence the action in behalf of the county; that the defendant, Claribel Harbeck, was admitted to the State Sanatorium in February, 1932, and received treatment there until March 26, 1933; that the expense of keeping and caring for her at said sanatorium during said time was $863.61; that said Claribel Harbeck was not admitted to said sanatorium as an indigent patient; and asked for judgment against both defendants, with interest and costs. The answer was in two divisions, division one being a general denial of all allegations of the petition, and division two alleging that any care accorded to the defendant, Claribel Harbeck, at any state institution was accorded through the efforts of the Soldiers and Sailors Relief Commission of Woodbury county, Iowa, and each of the defendants denied liability therefor. Jury was waived, and the case tried to the court. At the conclusion of all the evidence the court took the case under advisement, and thereafter rendered its finding of fact and rulings on the law, and entered judgment dismissing the plaintiff's petition at plaintiff's costs. From such finding, rulings, and judgment the plaintiff appeals.

Four separate errors are alleged as grounds for reversal, but, as the first of these alleged errors is based on the ruling of the trial court in excluding evidence offered by the auditor of Woodbury county as to the authority given to him by the board of supervisors to prosecute this action, and, as the findings and ruling of the court are based solely upon the absence of liability by the defendants to the county, and not upon any want of authority for the prosecution of this action, any error of the trial court in its ruling was not prejudicial and need not be considered upon this appeal.

The second alleged error of the trial court upon which the plaintiff relies for reversal has reference to the admission of testimony of the defendant, Harry Harbeck, as to transactions had by him with the Soldiers and Sailors Relief Commission of Woodbury county. The court admitted the evidence of this wit-

ness as to such transactions, and its findings and ruling are based to some extent upon the evidence thus admitted. As this evidence, if true, is, in our opinion, insufficient to sustain the holding of the trial court, we devote no further attention to a consideration of its admissibility at this time.

It is undisputed in this case that the defendant, Harry Harbeck, talked to some members of the Soldiers and Sailors Relief Commission of Woodbury county, in regard to getting help for his wife, who was suffering from tuberculosis; that Mrs. Harbeck was referred to the secretary of the Tubercular Nurses Association; that thereafter Mrs. Harbeck went to the office of a physician in Sioux City with a blank application for admission to the State Sanatorium at Oakdale; that after this application was filled out it was signed by her; that the physician filled out the requisite certificate for admission to the sanatorium; that thereafter Mrs. Harbeck was admitted to the sanatorium; that, during all the time she was at the sanatorium, the expense of her maintenance was paid out of the funds of the state; and that the total cost of such maintenance was $863.61, the amount for which judgment is asked.

Sections 3399 to 3401, inclusive, of the Code, which are found in the chapter having reference to the state sanatorium, provide, in substance, that each county shall be liable to the state for the support of all patients from that county in the state sanatorium; that persons in the sanatorium and persons legally liable for their support shall be bound for the maintenance of patients in the sanatorium; and that "the provisions of law for the collection by boards of supervisors of amounts paid by their respective counties from the estates of insane patients and from persons legally bound for their support shall apply in cases of patients cared for in the sanatorium." Section 3595, which appears in the chapter of the Code having reference to the support of the insane, provides that: "Insane persons and persons legally liable for their support shall remain liable for the support of such insane. The county auditor, subject to the direction of the board of supervisors, shall enforce the obligation herein created as to all sums advanced by the county."

The evidence shows that notice of the amount paid by the state for the maintenance of Claribel Harbeck at the sanatorium was given and demand made upon Woodbury county for the

payment thereof, and that, pursuant to this demand, payment of the amount stated was made by Woodbury county.

It appears to be the attitude of the defendants herein that, because the defendant, Harry Harbeck, is a soldier, and because he and his wife would be entitled to the benefits of the relief furnished under the chapter of the Code in regard to the Soldiers and Sailors Commission, because no application for relief was made to any agency other than the Soldiers and Sailors Commission, and because, as they claim, the care of Mrs. Harbeck at the sanatorium was procured upon application to and through the efforts of the Soldiers and Sailors Commission, there was no liability on the part of either of them to pay for her maintenance at the sanatorium, and the county cannot collect therefor. We have some difficulty in understanding the theory upon which this defense is based. There is no claim and no showing that any of the money contributed for the maintenance of Mrs. Harbeck at the sanatorium was paid out of the fund collected by Woodbury county under the levy made for the Soldiers and Sailors Commission. Even if the money had been paid out of this fund, we are not satisfied that the county could not recover for the amount thus expended. This, however, is a question which is not involved in this case, and we, therefore, give it no consideration.

The expense of maintaining Mrs. Harbeck at the sanatorium was paid by the state out of state funds, in the first instance. The state notified the county of such payment, and demanded that the county pay the amount expended in supporting this resident of the county. The county paid the state and is now asking the persons for whose benefit it has paid out its funds to reimburse it for the expenditure made.

Section 3399 says that: "Each county shall be liable to the state for the support of all patients from that county in the state sanatorium."

Section 3400 says that: "Patients in the sanatorium and persons legally bound for their support shall be liable for the maintenance of patients in the sanatorium."

Section 3401 says that: "The provisions of law for the collection by boards of supervisors of amounts paid by their respective counties from the estates of insane patients and from persons legally bound for their support shall apply in cases of patients cared for in the sanatorium."

And, as we have already seen, section 3595 provides that insane persons and persons legally liable for their support shall remain liable for their support, and that the county auditor shall enforce the obligation as to all sums advanced by the county. We can see no reason why, under the application of these statutes, the defendants in this case are not liable for the maintenance of the defendant, Claribel Harbeck, at the state sanatorium.

In his findings the trial court lays down the proposition that Mrs. Harbeck was admitted to the sanatorium in question in one of three ways: "(a) As a voluntary and paying patient; (b) as an indigent patient; and (c) through the activities of the Soldiers and Sailors Relief Commission." The court later specifically finds that Mrs. Harbeck's admission to the sanatorium as an indigent person was not brought about by Woodbury county or by any other person, and that she "was not admitted to said sanatorium as an indigent person." Thereafter this statement is found:

"The Court further finds, in view of the entire record herein, that this patient was not a voluntary paying patient nor an indigent patient but was admitted as a patient in said Sanatorium through the efforts of the Soldiers and Sailors Relief Commission of Woodbury County, Iowa, and the said amount having been paid, Woodbury County cannot now reimburse itself from these defendants or either of them."

We admit that we are unable to follow the reasoning by which the trial court reached the conclusion above set out. Conceding that Mrs. Harbeck asked the Soldiers and Sailors Commission of Woodbury county for assistance; that, through their efforts, the Tubercular Nurses Association came to her assistance; that, through their efforts, an application was prepared for admission to the sanatorium and a certificate executed for that purpose by a doctor; and, conceding that her railroad fare to the sanatorium was paid by the Soldiers and Sailors Commission, we are unable to see how any or all of these matters relieved either Mrs. Harbeck or her husband from the liability which the statutes impose upon them. In our opinion, the fact, if it be a fact, that Mrs. Harbeck was admitted as a patient in the sanatorium through the efforts of the Soldiers and Sailors Relief Commission of Woodbury county, and that Woodbury

county paid the amount expended for her maintenance therein, does not prevent Woodbury county from suing to reimburse itself from the defendants, or either of them. We are, therefore, unable to agree with the honorable trial court, and the judgment entered in this case is, therefore, reversed.—Reversed.

STIGER, C. J., and MITCHELL, KINTZINGER, HAMILTON, SAGER, and MILLER, JJ., concur.